UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RANDY LEON TAYLOR,

    Movant

v().                                 CIVIL ACTION NO. 2:02-0520
                                      (Criminal No. 2:00-00253)

UNITED STATES OF AMERICA,

    Respondent

MEMORANDUM OPINION AND ORDER

Pending are the movant's motions (1) pursuant to 28 U.S.C. § 2255, and (2) for discovery, both filed June 10, 2002.

Movant seeks the vacatur, set aside, or correction of his sentence of sixty-six (66) months imposed following his guilty plea to a two-count information charging him with bankruptcy fraud in violation of 18 U.S.C. § 152(1) and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I). Movant did not appeal the judgment.

The court received the proposed findings and recommendation of the United States Magistrate Judge filed on December 18, 2002, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On December 30, 2002, movant objected.

I.

The court adopts the magistrate judge's recitation of the facts and procedural history. That recitation is summarized below for contextual purposes.

In sum, beginning in 1998, the movant began transferring to Anita Legg nominal title to various assets he owned. Movant and Legg were engaged at the time in a romantic relationship. Movant also set up a business in Legg's name, over which he retained control. The couple additionally purchased a new home financed by movant but titled to Legg.

On November 22, 1999, movant instituted a voluntary Chapter 7 proceeding. He failed to disclose the assets and business that were deceptively titled to Legg. He further claimed falsely during a creditor's committee meeting that he had no household furnishings. Movant's asset-concealment efforts came to light after a suspicious fire at his home in March 2000. At this time, Legg began cooperating with authorities. One fruit of that cooperative effort resulted in Legg wearing a transmitter at the behest of law enforcement during a conversation with movant. On that occasion, movant conceded that if authorities learned of his deception, he would be "going to jail for a long

2

time because that's perjury because of the bankruptcy thing." (PF&R at 3).

Following receipt of a target letter, defendant entered his plea with the advice of counsel, Thomas W. Smith. As reflected in the magistrate judge's proposed findings and recommendation, the court engaged movant in a lengthy and detailed plea colloquy on January 24, 2001. Movant offered an unusually detailed, and inculpatory, factual basis. He further professed an understanding of both the statutory violations of which he was accused, along with the constitutional rights he was giving up by pleading guilty.

Shortly after preparation of a draft copy of the presentence report in March 2001, movant requested a substitution of counsel and withdrawal of his guilty plea. On May 10, 2001, movant appeared for a hearing on the motion, along with proposed substitute counsel Nathan A. Hicks, Jr. and Theodore R. Dues, Jr. The court granted the substitution request and, following an evidentiary hearing held the same day, denied the plea withdrawal request. On June 5, 2001, as noted, the court entered its judgment sentencing defendant to a sixty-six (66) month term of imprisonment, from which he did not appeal.

Movant asserts two separate grounds for relief. First, he contends his plea was involuntary because he lacked a complete understanding of the crimes alleged. Second, he asserts he was denied the effective assistance of counsel during the proceedings leading up to, during, and following the plea.[1]

II.

A.  Plea Validity[2]

Movant contends his plea was involuntary, essentially

---

[1] Two additional, nominal grounds for relief are alleged as well. First, movant contends he was denied the right to a direct appeal as a result of counsels' mishandling of the case and the consequent failure to preserve appellate grounds. As noted by the magistrate judge, this allegation is simply one additional subspecies of his ineffective assistance claim. Second, movant contends the trustee failed to properly administer the bankruptcy estate. Section 2255, however, is not a proper means for advancing such a claim. Further, to the extent movant offers this ground as a veiled attempt to collaterally attack his plea, it fails in view of the analysis contained in subsection II.A. His knowing and voluntary plea, founded principally upon his own candid rendition of the fraudulent activities in this case, is not so easily dissembled.

[2] Inasmuch as movant has not demonstrated cause and prejudice for failing to file an earlier, direct appeal of this alleged error, the court treats the assignment as procedurally defaulted. See Massaro v. United States, 538 U.S. 500, 504 (2003)(noting "the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). Should movant later overcome that procedural obstacle, however, the court examines the claim on its merits.

4

because his counsel did not explain the complexities of bankruptcy law to him prior to his execution of the plea agreement. The argument does not withstand scrutiny.[3]

First, long before the plea and the withdrawal proceedings, the movant acknowledged an appreciation of the wrongdoing in which he engaged. In the recorded conversation with Legg, he appeared to have an understanding that his omission of assets in the midst of the "bankruptcy thing" likely would result in a lengthy term of imprisonment. (PF&R at 3).

Second, at his plea hearing, the movant participated in a thorough and searching colloquy with the court to ensure his understanding of the charges against him and his constitutional rights. There was no indication that the movant was in any way confused during the proceeding or misunderstood its impact. Indeed, when queried on the factual basis for the plea, movant responded "Well, I put stuff in my girlfriend's name to hide it from the bankruptcy and my wife who filed for divorce." United

---

[3] Movant perhaps realizes as much in view of a position he takes in his August 27, 2002, reply to the government's response to his section 2255 motion. He notes the plea withdrawal hearing was "botched" as a result of Mr. Dues' and Mr. Hicks' lack of preparation. (Mov.'s Reply at 3). It appears instead that Mr. Dues and Mr. Hicks did their level best to pursue their client's wishes, albeit with great difficulty in view of his prior representations to the court.

5


States v. Taylor, No. 2:00-00253, slip op at 1-2 (S.D. W. Va. May 16, 2001).

Third, following the plea withdrawal hearing, the court entered a lengthy order analyzing the applicable factors. See United States v. Moore, 931 F.2d 245, 247 (4th Cir. 1991). The court concluded that movant had failed to demonstrate even "one of the usual factors to be taken into account in determining that a fair and just reason exists to warrant the withdrawal of a guilty plea . . . ." Id. at 11. Then, as now, movant "has failed to offer any credible evidence that his plea was not knowing or not voluntary . . . ." Id. at 7.

Inasmuch as movant has failed to demonstrate his plea was unknowing, involuntary, or otherwise legally deficient, this assignment of error is meritless.

B. Ineffective Assistance of Counsel

Just days ago, our court of appeals re-stated the well-settled standard for ineffective assistance claims under Strickland v. Washington, 466 U.S. 668 (1984):

> To prove a Sixth Amendment violation under Strickland a defendant must demonstrate "that counsel's performance was deficient," and that this "deficient performance

6

prejudiced the defense." To succeed in showing prejudice, a defendant must demonstrate that there is a "reasonable probability" that absent the alleged errors, "the result of the proceeding would have been different."

Vinson v. True, No. 04-29, 2005 WL 3724917, at *3 (4th Cir. Feb. 1, 2006) (quoted authority omitted).

Movant contends neither Mr. Smith, Mr. Hicks, nor Mr. Dues are "knowledgeable in bankruptcy matters." (Mot. at 3). He further contends, inter alia, that (1) his three attorneys should have contacted and subpoenaed bankruptcy counsel, (2) a psychologist should have been retained to evaluate movant's capacity to understand the nature of the charges against him, (3) neither Mr. Hicks nor Mr. Dues were sufficiently prepared to help movant meet his plea withdrawal burden under Moore, (4) the "fumbled plea withdrawal hearing" resulted in movant receiving sentencing enhancements he would not otherwise have suffered, and (5) objection should have been made to the restitution award. (Id.) In sum, movant contends that "the testimony and presentation of bankruptcy counsel and/or a professional psychologist may have softened the Court's harsh assessment of Mr. Taylor at the plea withdrawal and sentencing hearings." (Id. at 4) (emphasis supplied).

7

As noted by the magistrate judge, movant's conviction was based upon his initially candid, specific, and voluntary admissions at the plea hearing concerning his rather straightforward scheme to illegally secret his assets. Regarding the qualifications of his retained lawyers, movant concedes they are "excellent and competent attorneys in the field of general criminal law." (Id. at 3). Assuming, however, that movant could somehow establish these three experienced attorneys' performance was constitutionally deficient, he could not further show a "reasonable probability" that, absent counsels' alleged errors, "the result of the proceeding would have been different." Vinson, No. 04-29, 2005 WL 3724917, at *3 (quoted authority omitted).

As noted by the magistrate judge, the ordered restitution was appropriate. Further, the denial of the motion for plea withdrawal, the obstruction of justice enhancement, the denial of acceptance of responsibility, and the other negative consequences movant suffered had nothing to do with any perceived missteps by counsel. Instead, as noted by the court at sentencing, it was movant's propensity to prevaricate that redounded ultimately to his detriment:

> the defendant has on multiple occasions at his hearing
> on the motion to withdraw his guilty plea, as well as

8

other occasions with respect to the responses that he
has given to the probation officer, willfully
obstructed and impeded the administration of justice
during the sentencing phase of the offense or offenses
for which he is before the Court for sentencing today .
. . .

    . . . .

I just don't see any remorse. You just can't come to
grips with what you've done. It seems like you are
simply unwilling to acknowledge that you have spread
one lie after another during the course of this
proceeding on the record of this Court. I rarely
encounter anyone who simply makes it a practice to be
untruthful. And I must say that it seems to me that it
would become apparent to you long before in this
proceeding . . . that's not beneficial to you. It's
been very costly for you and it is going to make today
more difficult for you as a consequence.

(Sent. Trans. at 37, 42).

      Inasmuch as movant has demonstrated neither counsels'

deficient performance nor resultant prejudice, his ineffective

assistance claim is plainly meritless.[4]

---

[4]As noted by the magistrate judge, Rule 6, Rules Governing
Section 2255 Proceedings, permits discovery under certain
circumstances. It is incumbent upon the movant, however, to
comply with the applicable prerequisites:

> (a) Leave of Court Required. A judge may, <u>for good
> cause</u>, authorize a party to conduct discovery under the
> Federal Rules of Criminal Procedure or Civil Procedure,
> or in accordance with the practices and principles of
> law. . . .
>
> (b) Requesting Discovery. A party requesting discovery
> <u>must provide reasons for the request</u>. The request must
>                                       (continued...)

III.

In addition to the foregoing discussion, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation. It is, accordingly, ORDERED that the defendant's motion pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied. The court further ORDERS that this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

ENTER: February 21, 2006

John T. Copenhaver, Jr.
United States District Judge

---

[4](...continued)
also include any proposed interrogatories and requests for admission, and must specify any requested documents.

R. Gov. § 2255 6(a) & (b) (emphasis supplied); <u>United States v. Roane</u>, 378 F.3d 382, 403 (4th Cir. 2004). Movant's one-page motion merely requests access to certain materials, without any concomitant showing of good cause or underlying reasons. Inasmuch as movant has failed to make the required showing, the court ORDERS that the motion for discovery be, and it hereby is, denied.